IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL BILL and CHARLOTTE BILL,<br>    *Plaintiffs,* | § § § | |
| vs. | § § | Civil Action No. 4:20-cv-00574 |
| GEOVERA ADVANTAGE INSURANCE COMPANY,<br>    *Defendant.* | § § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant GEOVERA SPECIALTY INSURANCE COMPANY, incorrectly named as, GeoVera Advantage Insurance Company, ("GeoVera"), files this Notice of Removal of the case styled:  Cause No. 19-DCV-265715; *Michael Bill and Charlotte Bill vs. GeoVera Advantage Insurance Company*; in the 434th Judicial District Court of Fort Bend County, Texas.  In support of this Notice of Removal, GeoVera respectfully submits the following:

1. Michael Bill and Charlotte Bill ("Plaintiffs") commenced the captioned action by filing their Original Petition on or about August 21, 2019, in the 434th Judicial District Court of Fort Bend County, Texas.  GeoVera was served on February 3, 2020.

2. GeoVera requested certified copies of all process, pleadings, and order from the 434th Judicial District Court of Fort Bend County, Texas.  The certified copies of the state court's file is being filed contemporaneously with this Notice of Removal.

3. The petition avers that Plaintiffs are individuals residing in Fort Bend County, Texas.[1]  The Petition alleges that GeoVera is a foreign insurance company engaged in the business

---

[1] Petition, ¶ 2.

of insurance in the State of Texas, with its principal office located in Fairfield, California.[2] GeoVera is incorporated in the State of Delaware.

4. The Petition also alleges that Plaintiffs are seeking monetary relief of more than $100,000.[3]

5. GeoVera does not admit the underlying facts as alleged by Plaintiffs in their Original Petition or as summarized above. GeoVera expressly denies that it has any liability to Plaintiffs.

6. This Notice of Removal is filed within 30 days of service of the Original Petition and is therefore timely under 28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and this matter is removeable to this Court pursuant to 28 U.S.C. § 1441(a), because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiffs are residents of Fort Bend County, Texas. GeoVera is incorporated in Delaware, with its principal place of business in California. Complete diversity of citizenship exists.

8. The amount in controversy exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332(a). In their Original Petition, Plaintiffs allege that they seek monetary relief of more than $100,000.[4]

9. The Texas Rules of Civil Procedure do not require plaintiffs to plead a specific

---

[2] Petition, ¶ 3.
[3] Petition, ¶ 4.
[4] Petition, ¶ 4.

amount of damages; instead, plaintiffs must plead that their damages are within the jurisdictional limits of the court and that their damages fall within specified dollar amount ranges.[5] When a state court petition does not allege a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.[6] This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" showing that the amount in controversy likely exceeds $75,000.[7]

10.    A plaintiff can demonstrate to a legal certainty that she will not be able to recover more than the jurisdictional amount by filing a binding stipulation with the original complaint that limits recovery and what the plaintiff will accept to an amount below the jurisdictional threshold.[8] "Litigants who want to prevent removal must file a *binding* stipulation or affidavit with their complaints . . . ."[9]  "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings."[10]  Plaintiffs did not include a binding stipulation with their petition in this case.

---

[5] *See,* TEX. R. CIV. P. 47(c)-(d).
[6] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411-12 (5th Cir.), *cert. denied*, 116 S.Ct. 180 (1995); *Manguno v. Prudential Property and Casualty Insurance Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[7] *Manguno*, 276 F.3d at 723.
[8] See, e.g., *Mokhtari v. GeoVera Specialty Insurance Co.*, Civil Action No. H-14-3676, 2015 WL 2089772, at *1 (S.D. Tex. May 4, 2015); *Williams v. Companion Property & Casualty Insurance Co.*, Civil Action No. H-13-733, 2013 WL 2338227, at *2 (S.D. Tex. May 27, 2013) (citing *De Aguilar*, 47 F.3d at 1411-12; *Espinola-E v. Coahoma Chemical Co.*, 248 F.3d 1138, 2001 WL 85834, at *2 (5th Cir. Jan. 19, 2001) (per curium) (unpublished) ("[A] binding stipulation that a plaintiff will not accept damages in excess of the jurisdictional amount defeats diversity jurisdiction....").
[9] *De Aguilar*, 47 F.3d at 1412. (emphasis added)
[10] *Id*. at n. 10. (emphasis added)

11. In the petition Plaintiffs "seek damages of more than $100,000."[11] The petition also confirms that Plaintiffs are seeking attorneys' fees in an unspecified amount, exemplary damages, and damages for economic loss and mental anguish.[12]

12. Penalties, treble damages, and attorney's fees are included as part of the amount in controversy. *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

13. In the absence of a binding stipulation setting Plaintiffs' damage claim at $75,000 or less, their claim for actual damages "in excess of $100,000," plus damages for mental anguish, attorneys' fees, and exemplary damages, together with unspecified attorneys' fees, easily exceed the $75,000 threshold for diversity jurisdiction purposes.

## REMOVAL PROCEDURE

14. The clerk of the 434th Judicial District Court of Fort Bend County, Texas has been provided notice of this Removal.

15. The following exhibits are attached to this notice and incorporated here by reference:

   a. Index of Matters Being Filed;

   b. List of all Parties and Counsel of Record; and

   c. Certified copies of all pleadings, process, and orders from the Clerk of the 434th Judicial District Court of Fort Bend County, Texas.

---

[11] Petition at ¶ 4.
[12] Petition at ¶ 54.

## **CONCLUSION**

16. Based on the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, GeoVera hereby removes this case to this Court for trial and determination.

                          Respectfully submitted,

                          **LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD, A LAW CORPORATION**

                          */s/ Michael W. McCoy*

                          _____
                          Michael W. McCoy
                          Texas Bar No. 13471850
                          Federal ID No. 3801
                          mmccoy@lawla.com
                          801 Travis Street, Suite 1800
                          Houston, Texas 77002
                          PH:    (713) 222-1990
                          FAX:  (713) 222-1996

                          **ATTORNEY-IN-CHARGE**
                          **FOR DEFENDANT**

OF COUNSEL:

Seth A. Schmeeckle
State Bar No. 24072911
Federal ID No. 1089327
sschmeekle@lawla.com
Lugenbuhl, Wheaton, Peck,
   Rankin & Hubbard, a Law Corporation
601 Poydras Street, Suite 2775
New Orleans, Louisiana 70130
PH:    (504) 568-1990
FAX:  (504) 310-9195

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument was served on this in accordance with Rule 5 of the Federal Rules of Civil Procedure, on this the 19th day of February, 2020 to all known counsel of record as follows:

Johnny Nguyen
jnguyen@johnnynguyenlaw.com
Johnny Nguyen & Associates
2825 Wilcrest Drive, Suite 308
Houston, Texas  77042
PH:     (832) 834-5918
FAX:   (281) 503-7503

                                         */s/ Michael W. McCoy*

                                           Michael W. McCoy